IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

JULIE GATES,

                      Plaintiff,                    OPINION AND ORDER

v.

                                                  15-cv-517-wmc

NANCY A. BERRYHILL, Acting Commissioner
of Social Security,

                      Defendant.

---

Pursuant to 42 U.S.C. § 405(g), plaintiff Julie Gates seeks judicial review of a final decision of defendant Nancy A. Berryhill, the Acting Commissioner of Social Security, which found her not disabled. On February 24, 2017, the court heard oral argument to address plaintiff's principal contentions that the ALJ erred by: (1) discounting the treating physician opinions with inadequate justification; and (2) disbelieving her subjective reports of symptoms, particularly given that objective medical testing of fibromyalgia is limited. For the reasons set forth below, the court agrees that the ALJ's discussion of the weight assigned to the treating physician opinions is inadequate. Accordingly, remand is required for further evaluation of those opinions and, relatedly, a more detailed assessment of plaintiff's limitations resulting from fibromyalgia.

BACKGROUND

As discussed in more detail in the ALJ's written discussion and during the evidentiary hearing, Gates claims disability due to several impairments, including carpal

tunnel syndrome, degenerative disk disease, degenerative joint disease of the cervical spine, arthritis, fibromyalgia and depression, with an onset date of December 31, 2010. The first ALJ, William Spalo, considered several medical opinions, finding that the RFC as he determined it -- sedentary work except preclusion from climbing ladders, ropes or scaffolds and no more than occasional balancing, stooping, kneeling, crouching, crawling or climbing of stairs and ramps -- was "supported by the opinions of Dr. Foster, Dr. Khorshidi, Dr. Rolak, Dr. Fairchild, Dr. Rave, Dr. Stone, Dr. Musholt and Dr. Childs." (AR at 106, 113.)[1] With regard to the treating physician opinions from Dr. Ellias, plaintiff's pain management specialist, and Dr. Wogahn, her family medicine physician, however, ALJ Spalo gave no weight to the portion of Ellias's opinion that Gates would need to miss work about two days per month, which he found was "not supported by the evidence of record, including the doctor's own records." (AR 107.) Similarly, ALJ Spalo gave little weight to Wogahn's opinions that plaintiff would need to be absent from work more than three times per month and was only capable of working 30 minutes per day, finding them both inconsistent with the medical record and Wogahn's own treatment notes, as well as unreliable because "they reflect[ed] significantly greater limitations than the claimant herself admit[ted] she [could] perform." (AR 111.)

After ALJ Spalo issued a decision finding plaintiff not disabled in April of 2013, the Appeals Council remanded her case to a second ALJ, Debra Meachum, in May of 2014 "to consider new and material evidence and further consider specific limitations provided in functional capacity opinions from two of the claimant's treating physicians,

---

[1] Unless otherwise noted, cites are to the administrative record ("AR"). (Dkt. ##9, 9-1, 9-2, 9-3, 9-4.)

Drs. Mazin Ellias and Tim Wogahn." (AR 9.) Following a hearing on September 11, ALJ Meachum issued her decision on October 30, 2014, which again found plaintiff not disabled. In this second decision, ALJ Meachum specifically found plaintiff suffered from the following severe impairments: obesity, degenerative disc and joint disease, arthritis, fibromyalgia, carpal tunnel syndrome and headaches. (AR 11-12.) Noting that there was "no new evidence pertaining to mental disorders," the ALJ also found plaintiff's affective disorder to be a non-severe impairment, since it "does not cause more than minimal limitation in her ability to perform basic mental work activities." (AR 12-13.)

Based on her review of the record, ALJ Meachum then determined that plaintiff had the RFC to perform sedentary work, but with additional limitations:

> She cannot walk on uneven surfaces or climb ladders, ropes, or scaffolds. She can only occasionally climb ramps or stairs and occasionally balance, stoop, kneel, crouch, and crawl. She needs a sit/stand option that allows her to stand for a few minutes every half hour without leaving the workstation. She can occasionally hold her neck in a stable position or look up and down, while she needs to be able to rotate her neck position as needed for comfort. She can occasionally reach overhead and frequently, but not constantly, handle and finger. She may be off task up to 10% of the workday.

(AR 14.)

As for the medical evidence, ALJ Meachum agreed with the first ALJ Spalo, that the opinions of Drs. Rolak, Fairchild, Rave and Stone deserved significant weight and that the opinion of Mr. Horgan, Gates's mental health counselor, should be afforded only little weight. (AR 16, 18.) Meachum also gave some weight to the opinions of state agency physicians, Drs. Foster and Khorshidi, while disagreeing with their RFC opinions by finding that plaintiff's capabilities were more limited than light work. (AR 16-18.)

3

In her decision, ALJ Meachum acknowledged that the Appeals Council had remanded the first ALJ's decision for further consideration of the opinions of treating physicians Ellias and Wogahn. ALJ Meachum's analysis of those opinions spans six paragraphs on one page of her decision, including a summary of plaintiff's limitations as follows: plaintiff has limited range of motion of the neck; she may need unscheduled breaks; she would need to alternate between sitting and standing; and she would miss multiple days of work per month. (AR 17.) The ALJ then identified medical evidence that she found inconsistent with the limitations Ellias and Wogahn opined were necessary, explaining that those opinions did not deserve much weight:

> With regard to the range of spinal motion limitations, it is again noted that the new evidence shows no more than mild cervical abnormalities and a normal thoracic spine. Previous cervical and thoracic x-rays were normal, while an MRI of December 2010 showed only some degenerative cervical changes with no marked stenosis, no cord contact, and no myelopathic signs (See: Exhibits 6F/2 and 4A).
>
> Moreover there are several recent largely normal physical examinations while Drs. Rave, Fairchild, and Rolak previously noted normal or even "excellent" cervical range of motion. In addition, Dr. Fairchild wrote that EMG testing showed no radiculopathy, Dr. Rave cited normal strength and coordination, and Dr. Rolak found no neurological abnormalities.
>
> Given these several medical reports and analyses, there is very little medical basis for the fairly extreme limitations cited by Drs. Ellias and Wogahn. The undersigned therefore does not give these opinions much weight or credence.

(AR. 17.)

Despite not affording "much weight or credence" to Ellias and Wogahn's opinions, the ALJ nevertheless claimed that "in view of the Appeals Council's remand order[,]

4

and[] giving some deference to [the] treating physicians' assessments, [she had] incorporated limitations into this decision regarding sedentary work involving only relatively infrequent cervical movements, limited range of motion, and alternating position." (*Id.*) The ALJ also claimed that although she gave "little weight" to the portion of Ellias's opinion that Gates would need unscheduled breaks two to three times per day, she "[took] it into consideration by incorporating a limitation . . . allowing the claimant to be off task up to ten percent of the workday." (*Id.*)

OPINION

At oral argument, plaintiff contended that the ALJ's lackluster assessment of the treating physician opinions, as well as lack of analysis of plaintiff's subjective reports of symptoms caused by fibromyalgia, require remand. While acknowledging in response that the ALJ's discussion of Ellias and Wogahn's opinions was less than robust, defendant argued that the ALJ took into account the limitations raised in those opinions in formulating the RFC, while still discounting them to some degree based on the ALJ's analysis of the new medical evidence. The ALJ certainly found that the medical evidence, particularly the clinical notes reflecting only minor problems with plaintiff's spine, were inconsistent with the postural limitations that both treating physicians opined were necessary, but her reasons for discounting their opinions failed to account for plaintiff's fibromyalgia.

Specifically, the ALJ did not explain why she rejected as unsupported treating physician Wogahn's opinion that plaintiff can only rarely grasp, finger and reach objects,

5

which, if credited, would appear to foreclose nearly all employment. (AR 637.) This deficiency in the opinion is particularly severe because: (1) the Appeals Council remanded plaintiff's case to ALJ Meachum to further *consider Wogahn's opinion*; and (2) determining the severity of fibromyalgia symptoms through objective testing remains an elusive endeavor. *See Kennedy v. The Lilly Extended Disability Plan*, No. 16-2314, 2017 WL 2178091, at *3 (7th Cir. May 18, 2017); *Sarchet v. Chater*, 78 F.3d 305, 306 (7th Cir. 1996). Moreover, the ALJ's determination that plaintiff's fibromyalgia was a severe impairment is inconsistent with her own discounting of Wogahn's opinion, specifically identifying fibromyalgia as a cause of plaintiff's limitations, at least without further explanation of the explicit reasons she disbelieved the severity of plaintiff's fibromyalgia symptoms. Furthermore, contrary to defendant's assertions, the ALJ's incorporation of the first ALJ's decision, which was remanded by the Appeals Council, and her mention of Drs. Fairchild, Rave and Rolak as identifying "no radiculopathy," "normal strength and coordination" and "no neurological abnormalities" are unavailing, especially considering that the ALJ did not explain why their opinions deserve more credence than that of treating physician Wogahn, who is presumptively in the best position to evaluate plaintiff's limitations, especially given his long-standing relationship as her treating physician.[2]

For all of these reasons, the ALJ's decision fails to "build a logical bridge between the evidence and [her] findings," especially her poorly-explained conclusion that Dr.

---

[2] Among the reasons that ALJ Meachum's assessment of Wogahn's opinion is inadequate to support a finding of no disability is that she cherry-picked clinical notes from Wogahn, indicating improvement in plaintiff's symptoms during particular visits, which is not necessarily inconsistent with Wogahn's opinion that some days her symptoms are worse than others. (AR 111.)

Wogahn's opinions regarding plaintiff's limitations caused by her fibromyalgia deserve little weight in light of her determination that plaintiff's fibromyalgia was a severe impairment. *See Hill v. Astrue*, 295 F. App'x 77, 82 (7th Cir. 2008) (remanding when "[t]he ALJ failed to explain how he could credit reports that [the claimant] was experiencing pain and tenderness and that her range of motion was limited but still conclude that she was able to reach in all directions"). Accordingly, remand is required for the ALJ to provide a more detailed assessment of the weight to be given the opinions of plaintiff's treating physicians and her explanation of the limitations caused by her fibromyalgia.

ORDER

IT IS ORDERED that the decision of defendant Nancy A. Berryhill, Acting Commissioner of Social Security, denying plaintiff's application for disability benefits is REVERSED AND REMANDED under sentence four of 42 U.S.C. § 405(g) for further proceedings consistent with this opinion. The clerk of court is directed to enter judgment for plaintiff and close this case.

Entered this 18th day of January, 2018.

BY THE COURT:

/s/
_____
WILLIAM M. CONLEY
U.S. District Court Judge